1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  CHARLES E. MUNSON,                          No. CIV S-04-0248-RRB-CMK

12              Plaintiff,

13        vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14  GORDON R. ENGLAND, et al.,

15              Defendants.

16  _____/

17          Plaintiff, proceeding pro se, brings this civil action.  Pending before the court is

18  defendants' motion to dismiss, or in the alternative, motion for summary judgment (Doc. 39).

19  Plaintiff filed a request to file a late opposition (Doc. 43) and an opposition (Doc. 42).

20  Defendants filed a reply (Doc. 44).

21          Plaintiff's complaint is a one page document which states "I Charles E. Munson

22  was discriminated by a co-worker, which, is a white male, which I was called by him a dumb

23  nigger which I am a black male."  (Complaint at 1.)  Defendants' answer sets forth several

24  affirmative defenses including, *inter alia*, insufficient service of process, failure to state a claim,

25  lack of subject matter jurisdiction, and failure to exhaust administrative remedies.  The motion to

26  dismiss is based on insufficient service of process pursuant to Federal Rule of Civil Procedure

1  4(i).   The alternative motion for summary judgment argues plaintiff is unable to meet his prima

2  facie burden on his Title VII claim and that the agency took appropriate remedial action.

3                    **BACKGROUND**[1]

4              Plaintiff, who is African-American, was employed at the Marine Corps Logistics

5  Base in Barstow, California in 1999.  On or about August 31, 1999, a co-worker of plaintiff's,

6  Patricia Irving, told plaintiff that another co-worker, Lawrence Prince, told Irving that another co-

7  worker, Edward Kenworthy, referred to plaintiff and Irving as "dumb niggers."  Plaintiff

8  contacted an EEO counselor, and filed a formal EEO complaint dated October 7, 1999.  The

9  incident was investigated, and an Administrative Judge found no discrimination.  Plaintiff

10  appealed the decision, but his request for reconsideration was denied because plaintiff had

11  already filed the instant case raising the same claim.  Edward Kenworthy, the co-worker who

12  allegedly made the discriminatory statement, was suspended for two days and was transferred to

13  another work section.

14                    **MOTION TO DISMISS**

15              The motion to dismiss is based on an argument that service of process was

16  insufficient pursuant to Federal Rule of Civil Procedure 4(i).  Rule 4(i) requires plaintiff to serve

17  a number of parties in addition to the defendant agency.  At issue here is not the service upon the

18  defendant agency, but the service upon the US Attorney.  Specifically, the US Attorney needs to

19  be served as follows:

20              (A) by delivering a copy of the summons and complaint to the
                United States attorney for the district in which the action is brought
21              **or** to an assistant United States attorney or clerical employee
                designated by the United States attorney in a writing filed with the
22              clerk of the court **or** by sending a copy of the summons and of the
                complaint by registered or certified mail addressed to the civil
23              process clerk at the office of the United States attorney . . .

24  ─────────────────

25      [1]      These facts are taken from defendants' statement of undisputed facts in the
    memorandum in support of the motion to dismiss or summary judgment.  The facts are supported
26  by documents attached to the memorandum.  Plaintiff has not objected to these facts, and the
    court finds they are supported by the documents.

2

1   Fed. R. Civ. Proc. 4(i) (emphasis added).  It is this last segment that defendants claim was not

2   followed properly: "by sending a copy ... **addressed to the civil process clerk** at the office of the

3   US attorney."

4          Defendants claim that instead of sending the summons and complaint to the US

5   Attorney's office addressed to the civil process clerk as required, plaintiff sent it directly to the

6   attorney assigned to the case - Bobbie J. Montoya.  Ms. Montoya informed plaintiff about the

7   defects in his service of process, but plaintiff failed to correct the service.

8          "Rule 4 is a flexible rule that should be liberally construed so long as a party

9   receives sufficient notice of the complaint."  United Food & Commercial Workers Union v.

10  Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984) (citing FTC v. Compagnie de Saint-

11  Gobain-Pont-A-Mousson, 636 F.2d 1300, 1312 & n.61 (D.C. Cir. 1980)).  "However, neither

12  actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction

13  without 'substantial compliance' with" its requirements.  Benny v. Pipes, 799 F.2d 489, 492 (9th

14  Cir. 1986) (quoting Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)).  Federal courts

15  are instructed to liberally construe the "inartful pleading of pro se litigants," especially  "when

16  evaluating compliance with the technical rules of civil procedure."  Ferdik v. Bonzelet, 963 F.2d

17  1258, 1261 (9th Cir. 1992) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982); Draper v.

18  Combs, 702 F.2d 915, 924 (9th Cir. 1986)) (other citations omitted).

19         Here, plaintiff substantially complied with Rule 4(i) by sending a copy of the

20  summons and complaint to the US Attorney's office.  He addressed the envelope to the assistant

21  US Attorney assigned to this case, whom had contacted him previously, instead of addressed to

22  the "civil process clerk."  Given the need to liberally construe pro se pleading, the undersigned

23  finds plaintiff substantially complied with Rule 4, and the US Attorney's office was given actual

24  notice.  Therefore, the motion to dismiss should be denied.

25  / / /

26  / / /

1         **MOTION FOR SUMMARY JUDGMENT**

2         Defendants argue that plaintiff is unable to establish a prima facie case of race

3    discrimination vis-a-vis racial harassment.  According to defendants, plaintiff must demonstrate

4    he was subjected to verbal or physical conduct because of his race, the conduct was unwelcome

5    and the conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's

6    employment and create an abusive work environment.  See <u>Manatt v. Bank of America</u>, 339 F3d.

7    792, 798 (9th Cir. 2003).

8         The first problem defendants say plaintiff has is the fact that the statement that is

9    the basis of the entire complaint is hearsay and is not admissible evidence.  The statement was

10   made to a co-worker of plaintiff's, not directly to plaintiff or in his hearing.  Plaintiff only heard

11   about the statement third hand.

12        Second, defendants argue plaintiff cannot establish that the alleged conduct

13   complained of was so severe and pervasive as to alter the conditions of his employment and

14   create an abusive work environment.  This was a one-time incident, and the single incident did

15   not so pollute the workplace that it altered the conditions of employment.  They argue isolated

16   incidents, unless extremely serious, will not amount to discriminatory changes in the terms and

17   conditions of employment.  Stray remarks are insufficient to establish discrimination, and mere

18   utterance of an ethnic or racial epithet which engenders offensive feelings in an employee is not

19   sufficient to violate Title VII.  The only time a single comment may be sufficient is if it is made

20   by a supervisor, which was not the case here.

21        Defendants also argue that, even if plaintiff was able to establish a prima facie

22   case, appropriate remedial action was taken by the agency in response to this alleged comment.

23   The employee who made the statement (Kenworthy) was transferred to a different department

24   and was suspended for two days.

25        As evidence, defendants attach as an exhibit to the motion an affidavit (Exhibit D)

26   signed by plaintiff regarding the incident.  This affidavit appears to have been signed at the time

1   the incident was investigated by defendants.  In this affidavit, plaintiff stated Ms. Irving informed

2   plaintiff about the statement made by Mr. Kenworthy, who was told about the statement from

3   Mr. Prince.  Plaintiff stated this was the only time Mr. Kenworthy made such a statement.

4   However, he did state he failed to inform management "because this type of conduct has been

5   going on here at Barstow for years and [he] did not think Management would take any action."

6   (Doc. 39-3, page 9, ¶ 6d).  Plaintiff also acknowledged Kenworthy was transferred and he

7   believed Kenworthy received a suspension, but also stated he continued to be forced to have

8   contact with Kenworthy, which he refused to do.  Plaintiff also claimed that although this was a

9   one time incident by Kenworthy, he had other confrontations with Kenworthy (apparently after

10   this initial incident) and it appears plaintiff claimed Kenworthy was harassing him regularly.

11   When plaintiff complained about this behavior, the response he claimed he received was "oh,

12   that's just Ed."  (Doc. 39-3, page 9-10, ¶7).

13           In opposition[2], plaintiff provided the court with a copy of a United States Supreme

14   Court decision, a newspaper article, and a letter from Senator Dianne Feinstein.  It does not

15   appear to the court that any of these documents support plaintiff's claims, and plaintiff does not

16   explain the relevance of these documents.  He does not set forth any argument in his filings in

17   opposition of defendants' motion to dismiss or for summary judgment.

18           To raise a prima facie case of racial harassment under Title VII or § 1981, plaintiff

19   "must raise a triable issue of fact regarding whether: (1) he was subjected to verbal or physical

20   conduct based on his race; (2) the conduct was unwelcome; and (3) the conduct was sufficiently

21   severe or pervasive to alter the conditions of [plaintiff's] employment and to create an abusive

22   work environment."  Manatt v. Bank of America, 339 F.3d 792, 798  (9th Cir. 2003).  Plaintiff

23   "must show that his workplace was permeated with discriminatory intimidation such that his

24

25        [2]    Plaintiff filed a request to file a late opposition.  Due to plaintiff's health issues,

26   he was unable to timely file his opposition.  This request should be granted, and the opposition to the motion considered.

1   working environment could both subjectively and objectively be perceived as abusive."

2   Martinez v. Marin Sanitary Serv., 349 F. Supp. 2d 1234, 1251 (N.D. Cal 2004) (internal quotes

3   and citations omitted).

> In evaluating the objective portion of the inquiry, the court should
> utilize a 'totality of the circumstances' test, which includes factors
> such as: (1) the frequency of the discriminatory conduct; (2) the
> severity of the discriminatory conduct; (3) whether the conduct is
> physically threatening and publicly humiliating or merely an
> offensive utterance; and (4) whether the conduct unreasonably
> interferes with the employee's work performance.

8   Id. (citing Little v. Windermere Relocation, Inc., 301 F.3d 958, 966 (9th cir. 2002), Brooks v.

9   City of San Mateo, 299 F.3d 917, 923-24 (9th Cir. 2000)).  "The less severe or serious the nature

10  of the harassing conduct, the more pervasive or frequent such conduct must be." Id. (citing

11  Ellison v. Brady, 924 F.2d 872, 878 (9th Cir. 1991)).  "Simple teasing, offhand comments, and

12  isolated incidents (unless extremely serious) will rarely give rise to a reasonable perception that a

13  term or condition of employment has been so altered as to include harassment." Id. (citing

14  Manatt, 339 F.3d at 798, Brooks, 229 F.3d at 924 (finding that "an isolated incident of

15  harassment by a co-worker will rarely (if ever) give rise to a reasonable fear that [racial]

16  harassment has become a permanent fixture of the employment relationship")).

17          Here, there was only an isolated incident, which did not occur in the presence of

18  plaintiff.  The statement was made to a third party and related to plaintiff after the fact.  The

19  statement referred to plaintiff and another co-worker as "dumb niggers", but plaintiff's name was

20  not specifically used.  This does not appear to be the kind of incident that would rise to the level

21  of harassment, but would be characterized more as "simple teasing, offhand comments, and

22  isolated incidents" and thus would not give rise to a reasonable perception that a condition of

23  employment has been so altered as to include harassment.  It appears from the affidavit plaintiff

24  signed during the investigation of his EEO complaint, that there may have been additional

25  behavior and incidents of harassment other than the statement plaintiff complains about in his

26  complaint.  (See Doc. 39-3, Ex. D.)  However, there is no evidence in the record, nor has plaintiff

1 brought any additional incidents to the court's attention, to support a finding of harassing

2 behavior sufficiently severe or pervasive as to alter the conditions of plaintiff's employment and

3 to create an abusive work environment.

4         Based on the foregoing, the undersigned recommends that

5         1.     Plaintiff's request to file a late opposition be granted;

6         2.     The motion to dismiss be denied;

7         3.     The motion for summary judgment be granted; and

8         4.     Judgment be entered in this case, and the case be closed.

9         These findings and recommendations are submitted to the United States District

10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

11 after being served with these findings and recommendations, any party may file written

12 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

13 Findings and Recommendations."  Failure to file objections within the specified time may waive

14 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16  DATED:  January 16, 2008

17                                  Craig M. Kellison

18                                  **CRAIG M. KELLISON**

                                 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26